UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMIAH BROWN,

       Petitioner,                                Hon. Paul L. Maloney

v.                                                          Case No. 1:07-CV-236

MARY BERGHUIS,

       Respondent.

_____/

### REPORT AND RECOMMENDATION

This matter is before the Court on Brown's petition for writ of habeas corpus. In accordance with 28 U.S.C. § 636(b) authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, the undersigned recommends that Brown's petition be **denied**.

### BACKGROUND

On September 30, 2003, Petitioner was subjected to a traffic stop during which the police discovered that Petitioner was in possession of methamphetamine. (Plea Transcript, February 11, 2004, 11-12). Petitioner then consented to a search of his residence which revealed the presence of cocaine and additional methamphetamine. (Tr. 12-14). Petitioner was charged with possession with the intent to deliver methamphetamine, possession with the intent to deliver cocaine, and maintaining a drug house. (Tr. 5-6). On February 11, 2004, Petitioner pleaded guilty to these three

offenses. (Tr. 3-16). Petitioner also pleaded guilty to being a habitual felon. (Tr. 3-16).

On each of the methamphetamine and cocaine convictions, Petitioner was sentenced to serve 8-30 years in prison. (Sentencing Transcript, April 6, 2004, 7). On the conviction for maintaining a drug house, Petitioner was sentenced to serve 1-3 years in prison. (Tr. 7). The sentencing court directed that these three sentences be served concurrently to each other, but consecutively to a previously imposed sentence for home invasion. (Tr. 7). Petitioner subsequently moved in the Michigan Court of Appeals for leave to appeal, asserting the following claim:

> I. Sentence imposed did not comply with plea bargain. The sentence as explained and accepted was the low end of the Michigan Sentence Guidelines of 51-85 months, but I was sentenced to a term of 8 years minimum.

The Michigan Court of Appeals denied Petitioner's motion for "lack of merit in the grounds presented." *People v. Brown*, No. 261620, Order (Mich. Ct. App., Aug. 31, 2005). Asserting the following issues, Petitioner moved in the Michigan Supreme Court for leave to appeal:

> I. It was a violation of Defendant's Fifth and Fourteenth Amendment rights when he was sentenced beyond that which had been negotiated to during plea negotiations.
>
> II. It was a violation of Defendant's Fifth, Sixth, and Fourteenth Amendment rights when he was convicted and sentenced to two charges that he never pled guilty to.
>
> III. It was a violation of Defendant's Fifth and Fourteenth Amendment rights when the sentencing judge ordered Defendant's sentences to be ran consecutive to a prior sentence when Defendant had been promised that they would run concurrent during plea negotiations.
>
> IV. It was ineffective assistance of counsel when Defendant's trial counsel failed to object to violations

2

of plea agreement as well as violations of Defendant's Fifth, Sixth, and Fourteenth Amendment rights at sentencing hearing.

The court denied Petitioner's request, stating that "we are not persuaded that the questions presented should be reviewed by this Court." *People v. Brown,* No. 129684, Order (Mich., Jan. 27, 2006). On March 12, 2007, Petitioner initiated the present action in which he asserts the following claim:

> I. Petitioner was denied his Fifth and Fourteenth Amendment rights by sentencing judge.

## **STANDARD OF REVIEW**

Brown's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), as it amended 28 U.S.C. § 2254. The AEDPA amended the substantive standards for granting habeas relief under the following provisions:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The AEDPA has "modified" the role of the federal courts in habeas proceedings to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the

extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

Pursuant to § 2254(d)(1), a decision is "contrary to" clearly established federal law when "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *see also, Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

Prior to *Williams*, the Sixth Circuit interpreted the "unreasonable application" clause of § 2254(d)(1) as precluding habeas relief unless the state court's decision was "so clearly incorrect that it would not be debatable among reasonable jurists." *Gordon v. Kelly*, 2000 WL 145144 at *4 (6th Cir., February 1, 2000); *see also*, *Blanton v. Elo*, 186 F.3d 712, 714-15 (6th Cir. 1999). The *Williams* Court rejected this standard, indicating that it improperly transformed the "unreasonable application" examination into a subjective inquiry turning on whether "at least one of the Nation's jurists has applied the relevant federal law in the same manner" as did the state court. *Williams*, 529 U.S. at 409.

In articulating the proper standard, the Court held that a writ may not issue simply because the reviewing court "concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams,* 529 U.S. at 411. Rather, the Court must also find the state court's application thereof to be *objectively* unreasonable. *Bell*, 535 U.S. at 694; *Williams*, 529 U.S. at 409-12. Accordingly, a state court unreasonably applies clearly established federal law if it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular. . .case" or "if the state court either unreasonably extends a legal principle from [the Supreme Court's]

4

precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Lancaster*, 324 F.3d at 429 (quoting *Williams*, 529 U.S. at 407).

Furthermore, for a writ to issue, the Court must find a violation of Supreme Court authority. The Court cannot look to lower federal court decisions in determining whether the relevant state court decision was contrary to, or involved an unreasonable application of, clearly established Federal law. *See Harris v. Stovall*, 212 F.3d 940, 943-44 (6th Cir. 2000).

Pursuant to 28 U.S.C. § 2254(d)(2), when reviewing whether the decision of the state court was based on an unreasonable determination of the facts in light of the evidence presented, the factual findings of the state court are presumed to be correct. *See Warren v. Smith*, 161 F.3d 358, 360 (6th Cir. 1998) (citing 28 U.S.C. § 2254(e)(1)). Petitioner can rebut this presumption only by clear and convincing evidence. *Id.*

In certain circumstances, however, the deferential standard articulated above does not apply. First, if the state court resolves a particular claim but fails to articulate its analysis, the Court must apply "modified AEDPA deference." *Vasquez v. Jones*, 496 F.3d 564, 569-70 (6th Cir. 2007). Under this standard, "the court conducts a 'careful' and 'independent' review of the record and applicable law, but cannot reverse 'unless the state court's decision is contrary to or an unreasonable application of federal law.'" *Id.* at 570. However, where the state court has altogether failed to review a particular claim, such is reviewed de novo. As the Sixth Circuit has indicated, where the state court clearly did not address the merits of a claim, "there are simply no results, let alone reasoning, to which [the] court can defer." *McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003). In such circumstances, the court conducts a *de novo* review. *Id.*; *see also Wiggins v. Smith*,

5

539 U.S. 510, 533-35 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question); *Maples v. Stegall*, 340 F.3d 433, 437 (6th Cir. 2003) (recognizing that *Wiggins* established *de novo* standard of review for any claim that was not addressed by the state courts).

**ANALYSIS**

**I.        Sentencing Claims**

Petitioner asserts that his rights under the Fifth and Fourteenth Amendments were violated at sentencing. Specifically, Petitioner asserts that he "was promised [a sentence at] the low end of a specific grid contingent upon pleading guilty," but that such "was not honored." Petitioner also asserts that his "sentences were supposed to be concurrent with prior charge" for home invasion.

1.        Sentencing Guidelines Claim

As discussed below, the Court finds that Petitioner has failed to properly exhaust this claim, but that such can be denied on the merits, Petitioner's failure to exhaust notwithstanding.

Federal law provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that. . .the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The purpose of the exhaustion requirement is to give the state courts the first opportunity to "pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). To provide the State with the requisite opportunity, the petitioner must "fairly present" the substance

of his claim "in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted).

The fair presentation requirement is not satisfied where the petitioner simply makes in the State court "a general appeal to a constitutional guarantee as broad as due process" or only identifies "the facts necessary to state a claim for relief." *Gray v. Netherland*, 518 U.S. 152, 163 (1996). The petitioner "must present his claim to the state courts as a federal constitutional issue - not merely as an issue arising under state law." *Collins v. Wells*, 1994 WL 64702 at *3 (6th Cir., Mar. 1, 1994) (quoting *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984)). However, the petitioner is not required to "recite a specific sequence of words to fulfill the exhaustion requirement, nor is there some sort of threshold requirement whereby Petitioner must dedicate a certain number of words to analysis of federal law," as simply "[l]abeling a claim as a federal claim is sufficient." *Daniels v. Lafler*, 192 Fed. Appx. 408, 418 (6th Cir., Aug. 4, 2006) (citing *Baldwin*, 541 U.S. at 32).

While exhaustion requires that the petitioner present his claims to the state's highest court, presenting his claims to *only* the state's highest court may not suffice. The Michigan Supreme Court conducts discretionary review of appeals by application for leave to appeal. In *Castille v. Peoples*, 489 U.S. 346 (1989), the United States Supreme Court held that presentation of an issue for the first time on discretionary review to the state's highest court does not satisfy the "fair presentation" requirement where the court declines to exercise its discretion to review the matter. *Id.* at 351. Applying *Castille*, the Sixth Circuit has likewise determined that the exhaustion requirement is not satisfied where a petitioner first presents a claim on discretionary appeal to the

7

state's highest court, unless that court opts to review the merits of the claim. *See*, *e.g.*, *Clinkscale v. Carter*, 375 F.3d 430, 440 (6th Cir. 2004); *Granger v. Hurt*, 215 Fed. Appx. 485, 491 (6th Cir., Feb. 8, 2007); *Hall v. Huffman*, 2000 WL 1562821 at *3 (6th Cir., Oct. 11, 2000).

In the Michigan Supreme Court, Petitioner presented this claim as a violation of his rights under the Fifth and Fourteenth Amendments. However, in the Michigan Court of Appeals, Petitioner presented this claim as a violation of Michigan law only. In the Michigan Court of Appeals, Petitioner asserted that he had been promised a sentence at the "low end of the Michigan Sentence Guidelines of 51-85 months," but instead received a sentence with an 8 year minimum. In support of this claim, Petitioner neither cited to any constitutional or federal authority nor asserted that his sentence violated his rights under the Constitution or federal law. Moreover, Petitioner did not cite to any authority which can reasonably be interpreted as putting the court on notice that Petitioner was asserting that his sentence violated his rights under the Constitution or federal law. The Court finds, therefore, that Petitioner has failed to properly exhaust this particular claim. This failure notwithstanding, this claim may nonetheless be denied on the merits. *See* 28 U.S.C. § 2254(b)(2). As discussed below, this claim is without merit.

As the Supreme Court has held, "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971). A review of the plea transcript reveals no evidence that there existed any agreement to sentence Petitioner at the low end of the sentencing guidelines or to any particular length of time. Petitioner cannot, therefore, argue that he failed to obtain the benefit of any promise made by the prosecutor in this matter. Accordingly, this claim is without merit.

8

2. Consecutive Sentencing Claim

As noted above, Petitioner received concurrent sentences for the three drug-related offenses to which he pleaded guilty. These three sentences, however, were ordered to be served consecutively to the sentence Petitioner received on a previous conviction for home invasion. Petitioner asserts that this violates his constitutional rights because he had been promised that his sentences for the drug-related offenses would run concurrently with his sentence for home invasion. Petitioner did not present this claim to the Michigan Court of Appeals, but instead asserted it for the first time before the Michigan Supreme Court which declined to review the matter. Accordingly, as noted above, Petitioner has failed to properly exhaust this claim, but as the claim is without merit, the Court recommends that it be denied.

When asked whether there existed a plea agreement, the prosecutor stated, "[t]here is none." (Plea Transcript, February 11, 2004, 9). The prosecutor went on to state that he "would leave [it] to the discretion of the Court in considering whether the Court would apply consecutive or concurrent sentencing in this matter." (Tr. 9-10). Thus, there is no evidence that the prosecutor made any promises to Petitioner concerning whether he would receive concurrent or consecutive sentences. Following this comment by the prosecutor, the trial judge stated "although it's within the discretion of the Court, to run these three counts all consecutively with each other and consecutive to the home invasion sentence, that, if there was no objection from the prosecutor, which apparently there is none, I would be willing to enter a concurrent sentencing on all of these charges." (Tr. 10).

The Court does not interpret the trial judge's statement as constituting any promise to Petitioner concerning the nature or length of sentence that he would receive. To the extent,

9

however, that the judge's comments are interpreted as constituting a promise, the Court finds that Petitioner received that to which the judge committed himself. After stating that he possessed the discretion to impose consecutive sentences for the various drug charges and that such sentences could be ordered to run consecutive Petitioner's previously imposed sentence for home invasion, the judge stated that he would "be willing to enter a concurrent sentencing on all of *these* charges." (Tr. 10) (emphasis added). A review of the judge's entire statement, quoted above, reveals that the use of the word "these" in this sentence refers only to the three drug-related sentences and does not include the previous home invasion conviction. Thus, to the extent that the trial judge made any promise to Petitioner concerning sentencing, such promise was fulfilled. Accordingly, this claim raises no issue on which habeas relief may be granted.

## **CONCLUSION**

For the reasons articulated herein, the undersigned concludes that Petitioner is not being confined in violation of the laws, Constitution, or treaties of the United States. Accordingly, the undersigned recommends that Brown's petition for writ of habeas corpus be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                   Respectfully submitted,

Date: December 31, 2009　　　　　　　　　　　　/s/ Ellen S. Carmody
　　　　　　　　　　　　　　　　　　　　　　　ELLEN S. CARMODY
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge